IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS LLC                                                                          PLAINTIFF

v.                                              Case No. 4:16-cv-4019

INFINITY HEADWARE &
APPAREL, LLC                                                                                  DEFENDANT

**ORDER**

Before the Court is Plaintiff Sorrell Holdings LLC's Notice Identifying Attorney's Fees. (ECF No. 28). Defendant Infinity Headware & Apparel, LLC filed a response in opposition. (ECF No. 29). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This case involves allegations of patent infringement in violation of the patent laws of the United States, as codified in Title 35 of the United States Code. Plaintiff owns United States Patent No. 6,887,007 ("the '007 patent"), entitled "Hand-Held Body Washing Device." Plaintiff alleges that Defendant is infringing on the '007 patent with its own washing-device products, specifically its line of MascotWear™ Mascot Bath Loofahs.

On February 26, 2017, Plaintiff filed a motion to compel, asking the Court to compel Defendant's complete response to certain discovery requests and requesting fees and costs incurred in bringing the motion. On March 13, 2017, Plaintiff filed a reply brief in further support of its motion. On June 28, 2017, the Court granted Plaintiff's motion to compel and determined that

Plaintiff was entitled to fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).[1] The Court's June 28, 2017 order instructed Plaintiff to file an affidavit documenting the fees and expenses incurred in bringing the motion to compel, and granted Defendant seven days to file objections.

On July 12, 2017, Plaintiff filed the instant notice, along with the declaration of Plaintiff's counsel, a biography of Plaintiff's counsel, and an excerpt from a 2015 report by the American Intellectual Property Law Association that lists average hourly billing rates of intellectual property law attorneys in various regions in 2014. Plaintiff seeks $3,412.50 in attorney's fees incurred in preparing its motion to compel and reply brief, and $1,050.00 in fees incurred in preparing the instant notice and accompanying exhibits, for a total of $4,462.50. On July 19, 2017, Defendant filed a response, arguing that the number of hours Plaintiff purports to have spent preparing the motion to compel and reply brief are excessive, and requesting that the Court limit the award of fees and costs to those hours reasonably spent. Defendant also argues that it should not bear the responsibility of reimbursing Plaintiff for preparing and filing the exhibits to the instant notice, because the Court did not order Plaintiff to file them.

## II. DISCUSSION

Plaintiff seeks $3.412.50 in attorney's fees incurred in preparing its motion to compel and reply brief, and $1,050.00 in fees incurred in preparing the instant notice and accompanying exhibits, for a total of $4,462.50. The Court will first address the fees related to Plaintiff's motion to compel and reply brief. The Court will then address the fees related to the instant notice and accompanying exhibits.

---

[1] If a motion to compel is granted, the court must, "after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

**A. Motion to Compel and Reply Brief**

Plaintiff seeks $3.412.50 in attorney's fees incurred in preparing its motion to compel and reply brief. Plaintiff states that Plaintiff's counsel charges an hourly rate of $350/hour. Plaintiff also states that Plaintiff's counsel spent 6.75 hours drafting and filing the motion to compel, along with an accompanying declaration of Plaintiff's counsel and a proposed order. Plaintiff states further that Plaintiff's counsel spent 3.0 hours drafting and filing its reply brief and accompanying declaration. Thus, Plaintiff seeks reimbursement for 9.75 total hours of legal services, billed at $350/hour, for a total of $3.412.50. Defendant argues in response that the number of hours Plaintiff's counsel purports to have spent preparing these documents is excessive and unreasonable, and requests that the Court base the award of fees on a reasonable amount of hours.

The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.[2] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case is litigated. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The burden of proving attorney's fees rests with the fee applicant. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* at 433. When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). When calculating the lodestar, a district court need not accept counsel's submission of hours as

---

[2] Courts making a lodestar determination are required to consider twelve factors: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

conclusive but should exclude from that total those hours that were not reasonably expended on the litigation. *Hensley*, 461 U.S. at 433-34.

The biography of Plaintiff's counsel states that he has been a licensed attorney for roughly eleven years and that his firm specializes in intellectual property litigation, such as patent litigation. (ECF No. 28-2). As required by Local Rule 54.1, Plaintiff also attached to its notice a declaration setting out the time spent preparing the motion to dismiss and reply brief. (ECF No. 28-1). The declaration states that Plaintiff's counsel's billable hourly rate is $350/hour. Plaintiff argues that this rate is consistent with, if not lower than, the rates charged by intellectual property lawyers in the Texarkana area. Defendant has not objected to Plaintiff's counsel's asserted billable hourly rate. Upon consideration of the local rates of intellectual property lawyers in Texarkana, Arkansas, the Court finds that the billable rate asserted by Plaintiff's counsel of $350/hour is reasonable.[3]

However, the Court has reviewed Plaintiff's documentation supporting its claim for fees and agrees with Defendant that the number of hours purportedly spent preparing and filing the motion to compel and rely brief are excessive. According to Plaintiff's counsel, the preparation of the motion to compel and its accompanying exhibits took 6.75 hours. Likewise, the preparation of the reply brief and its accompanying exhibit purportedly took 3.0 hours.

Plaintiff's motion to compel is roughly seven pages long. The motion sets out each of the four disputed discovery requests and responses thereto in full, and argues that the responses are deficient because Defendant's objections were not made with specificity, and/or that Defendant was required to submit a privilege log for responsive, privileged items. The motion cites primarily to the Rules of Civil Procedure and cites to two non-binding cases that provide that objections to

---

[3] Ordinarily, the Court would find that $350/hour is an unreasonable hourly billable rate for legal services in Texarkana, Arkansas. However, given the complexity of patent litigation, the Court finds that $350/hour is reasonable in this particular case.

discovery requests must be stated with specificity rather than boilerplate language. The motion is accompanied by a one-and-one-half page declaration of Plaintiff's counsel, which states that Plaintiff's counsel is a member in good standing of the Texas State Bar and that the exhibits submitted in support of the motion are true and correct copies of the original documents.

Plaintiff's reply brief is two pages long. It cites to no legal authority, and cites to a few filings found in the record. The reply brief argues that Defendant failed to timely raise the issue of bifurcation and that Plaintiff's discovery requests are timely under the Court's Final Scheduling Order. The reply brief also discusses an email exchange between the parties' counsel, which was attached as an exhibit to the reply brief. Specifically, the brief argues that the email exchange shows that Defendant agreed to supplement certain responses to discovery requests, and that it failed to do so. The reply brief is accompanied by a one-page declaration of Plaintiff's counsel, which states that Plaintiff's counsel is a member in good standing of the Texas State Bar and that the exhibit submitted in support of the brief is a true and correct copy of the original document.

After considering the twelve *Hensley* factors and the circumstances of this case, the Court finds that it is appropriate to reduce the amount of hours connected with both the motion to compel and reply brief. The Court finds that 4.5 hours is a reasonable amount of time expended on the motion to compel, and that 1.5 hours is a reasonable amount of time expended on the reply brief. Thus, the Court calculates the lodestar amount as follows: 6.0 hours of work billed at $350/hour, for a total of $2,100.00. Accordingly, the Court finds that Plaintiff is entitled to recover attorney's fees in the amount of $2,100.00 related to the preparation and filing of the motion to compel and reply brief.

**B. Instant Notice and Accompanying Exhibits**

Without citing to binding authority, Plaintiff seeks $1,050.00 in fees incurred in preparing the instant notice and accompanying exhibits. Plaintiff argues that but for Defendant's failure to completely answer its discovery requests, Plaintiff would not have had to spend time drafting the motion to compel and subsequently, the instant notice. Plaintiff states that Plaintiff's counsel charges an hourly rate of $350/hour, and that Plaintiff's counsel spent 3.0 hours drafting and filing the instant notice and supporting declaration. Defendant argues in response that the sought-after fees are unreasonable.

The Court declines to award Plaintiff fees and costs associated with the preparation of the instant notice and accompanying exhibits. Plaintiff does not cite to any binding authority authorizing an award of fees and costs in similar circumstances, and the Court is unaware of any such authority. Plaintiff correctly points out that some courts in other jurisdictions authorize the award of fees and costs incurred in preparing a motion seeking recovery of fees and costs. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (observing in a section 1988 context that "uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received"). However, Rule 37 only explicitly mandates an award of "the movant's reasonable expenses incurred in making the [motion to compel]." *See* Fed. R. Civ. P. 37(a)(5)(A). Courts within the Eighth Circuit appear to be of the mind that it is within the court's discretion to award additional fees and costs associated with preparing a motion seeking Rule 37 fees and costs. *See Black v. Pilot Travel Ctrs., LLC*, No. 4:09-cv-4170-KES, 2011 WL 3421595, at *4 (D.S.D. Aug. 4, 2011) (awarding fees and costs under Rule 37(a)(5)(A) in connection with a motion to compel but declining to award fees and costs in connection with the motion seeking Rule 37 fees and costs). The Court agrees with this logic.

Accordingly, the Court will exercise its discretion by declining to award Plaintiff fees and costs associated with preparing the instant notice and accompanying exhibits.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that reasonable attorney's fees and costs incurred in these circumstances are $2,100.00.  Accordingly, Plaintiff is awarded $2,100.00 pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS SO ORDERED**, this 4th day of August, 2017.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
United States District Judge