IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                             PLAINTIFF

vs.                                Case No. 4:16-cv-04019

INFINITY HEADWEAR &APPAREL, LLC                              DEFENDANT

**ORDER**

Defendant, Infinity Headwear & Apparel, LLC ("Infinity"), filed a Motion Summary Judgment. ECF No. 34.[1] Plaintiff Sorrell Holdings, LLC ("Sorrell") filed their response. ECF No. 39. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 33. The Court having reviewed the pleadings finds as follows:

**1. Background**:

Plaintiff Sorrell alleges Infinity's product line, the MascotWear Mascot Bath Loofahs ("Product"), infringes on United States Patent No. 6,887,007 ("007 Patent"). Specifically, Sorrell alleges the Product infringed on the 007 Patent's eleventh claim ("Claim 11"). Claim 11 covers a washing device comprising: a scrubber made of a foraminous material and gathered to form a pleated ball; a figurative handle coupled to the scrubber; and a cinch for binding the foraminous material into the pleated ball and forming a loop extending around at least a portion of said handle to secure the handle to the scrubber. ECF No. 1-1, Pg. 15.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

## 2. Applicable Law:

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id*.

When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 324. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). A court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed.Cir.2007).

## 3. Discussion:

Infinity moves for summary judgment, arguing Claim 11 of the 007 Patent is invalid for obviousness in light of prior art in the area of hand-held washing devices including U.S. Patent Nos.: (1) 5,727,278, ( "278 Patent"); (2) 5,937,472, ("472 Patent"); (3) 6,161,246, ( "246 Patent"); (4) 6,276,022, ( "022 Patent"); (5) 6,370,723, ( "723 Patent"); (6) 6,510,577, ("577 Patent"); and (7) 7,140,063, ( "063 Patent") (collectively, the "Patents"). Additionally, Infinity argues in the alternative, they have not infringed the 007 Patent.

**A. Obviousness**

There is a presumption that a patent is valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). Infinity bears the burden of proving invalidity by clear and convincing evidence, and the burden never shifts to Sorrell, the patentee, to prove validity of the patent at issue. Title 35 U.S.C. § 103, address non-obvious subject matter of patents and states that a patent for a claimed invention may not be obtained, if:

> the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

Further, the Court has stated that "Obviousness is a legal question based on the following underlying factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) secondary evidence of nonobviousness." *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015). "Summary judgment of obviousness is appropriate if 'the content of the prior art, the scope of the patent claim, and the level of the ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007)).

To establish invalidity, Infinity must do more than merely compare the prior art and the accused product. *Zenith Electronics Corp. v. PDI Communication Systems, Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity."). Infinity must show that each element of the challenged claim is present in the prior art systems. *Zenith*, 522

F.3d at 1363. Infinity has not demonstrated the lack of a genuine dispute of material fact as to whether or not the Patents referenced include all elements of the claim at issue. For example, material factual disputes remain as to whether or not the Patents referenced suggest "a figurative handle coupled to the scrubber" and "a cinch for binding the foraminous material into the pleated ball and forming a loop extending around at least a portion of said handle to secure the handle to the scrubber." Genuine issues of material fact remain regarding the invalidity of the 007 Patent, therefore Infinity has not demonstrated by clear and convincing evidence that Claim 11 is invalid.

### **B. Non-Infringement**

Infinity also argues they are entitled to summary judgment because their Product does not infringe on the 007 Patent. ECF No. 35, Pgs. 17-21.

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... during the term of the patent...." 35 U.S.C. § 271(a). A two-step analysis is employed in making an infringement determination. *See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995). The court must first determine the scope and meaning of the patent claims asserted. The second step is to compare the construed claims to the allegedly infringing device or process. *See id.* This second step is a question of fact. *See Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1353 (Fed.Cir.1998)

When an accused infringer moves for summary judgment of non-infringement, such relief may be granted only if at least one limitation of the claim in question does not read on an element of the accused product, either literally or under the doctrine of equivalents. *See Chimie v. PPG Indus.*, 402 F.3d 1371, 1376 (Fed.Cir.2005). Thus, summary judgment of non-infringement can only be granted if, after viewing the facts in the light most favorable to the non-movant, there is no

genuine issue as to whether the accused product is covered by the claims (as construed by the court). *See Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1304 (Fed.Cir.1999).

At this stage in the proceedings, claim construction has yet to be completed. According to the Docket Control Order previously entered in this action, a claim construction hearing will be August 28, 2018. ECF No. 45. Once the Court has entered an Order on claim construction, the parties will then have the opportunity to file dispositive motions on the issue of infringement. *Id.* Because the Court has not yet made a definitive ruling on the issue of claim construction, the Defendants' Motion for Summary Judgment on the issue of Non–Infringement is premature and must be denied.

### 4. Conclusion:

Based on the forgoing, Defendant's Motion for Summary Judgment (ECF. No. 34) is **DENIED.**

**DATED this 25th day of April 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE