IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                              PLAINTIFF

vs.                                    Civil No. 4:16-cv-04019

INFINITY HEADWEAR &
APPAREL, LLC                                                       DEFENDANT

## ORDER

Before the Court is Defendant, Infinity Headwear & Apparel, LLC's ("Infinity"), Second Motion Summary Judgment.  ECF No. 84.[1]   Plaintiff Sorrell Holdings, LLC ("Sorrell") has filed its response.  ECF No. 89.  Defendant filed a Reply Brief.  ECF No. 94.  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 33.  The Court having reviewed the pleadings finds as follows:

## 1.  Background:

Plaintiff Sorrell alleges Infinity's product line, the MascotWear Mascot Bath Loofahs ("Product"), infringes on United States Patent No. 6,887,007 ("007 Patent").  Specifically, Sorrell alleges the Product infringed on the 007 Patent's eleventh claim ("Claim 11").  Claim 11 covers a washing device comprising: a scrubber made of a foraminous material and gathered to form a pleated ball; a figurative handle coupled to the scrubber; and a cinch for binding the foraminous material into the pleated ball and forming a loop extending around at least a portion of said handle to secure the handle to the scrubber.  ECF No. 1-1, Pg. 15.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Infinity had previously moved for summary judgment which was denied as premature on April 25, 2018.  ECF No. 47.  On December 18, 2018, Infinity filed a petition for an *ex parte* reexamination of the 007 Patent with the United States Patent and Trademark Office ("PTO").  ECF No. 84-10.  On January 17, 2019, the PTO granted Infinity's request for a re-exam.  ECF No. 84-11.  The PTO upheld the patentability of Claim 11 of the 007 Patent.  ECF No. 84-12.

## 2. <u>Applicable Law:</u>

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id*.

When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial.  *Celotex*, 477 U.S. at 324.  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996).  A court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed.Cir.2007).

## 3. <u>Discussion:</u>

Infinity moves for summary judgment, arguing Claim 11 of the 007 Patent is invalid for obviousness in light of prior art in the area of hand-held washing devices including U.S. Patent Nos.: (1) 5,727,277, ("277 Patent"), (2) 5,727,278, ( "278 Patent"); (3) 5,937,472, ("472 Patent"); (4) 6,161,246, ( "246 Patent"); (5) D438,673 ("673 Patent" or the "Wilhelm Patent"), (6)

6,276,022, ( "022 Patent"); (7) 6,370,723, ( "723 Patent"); (8) 6,510,577, ("577 Patent"); and (9) 7,140,063, ( "063 Patent") (collectively, the "Patents").   Additionally, Infinity argues in the alternative, it has not infringed the 007 Patent.

### A. Obviousness

After its issuance a patent may be shown to be obvious and therefore invalid, "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious as of the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  35 U.S.C. § 103(a); *TGIP, Inc. v. AT&T Corp.*, 527 F.Supp.2d 561, 579 (E.D. Tex. Oct. 29, 2007).  To overcome the presumption of validity, a party seeking to invalidate a patent as obvious must present clear and convincing evidence that the patent is invalid.  *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999).  To prove that a patented invention is invalid as obvious, the party asserting invalidity must identify prior art references "which alone or combined with other references would have rendered the invention obvious to one of ordinary skill in the art at the time of invention." *Id.*  A determination of obviousness under § 103 is a legal question based on factual determinations.  *Aguayo v. Universal Instruments Corp.*, 356 F.Supp.2d 699, 720 (S.D. Tex. Feb. 11, 2005).

Infinity sets forth two arguments for invalidity.  Infinity first argues the Wilhelm Patent alone renders Claim 11 of the 007 patent invalid on the grounds of anticipation or obviousness. Secondly, Infinity argues for invalidity based on combinations of nine prior art references which makes Claim 11 of the 007 patent obvious.

As previously stated, the Wilhelm Patent was considered by the PTO when on January 17, 2019, the PTO granted Infinity's request for a re-exam and then upheld the patentability of Claim 11 of the 007 Patent.  ECF No. 84-12.  Where an invalidity challenge is based upon prior art that

was considered by the PTO during the patent prosecution, and where a patent was issued notwithstanding the prior art, "a court owes some deference to the PTO's decision." *See Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d1559, 1572 (Fed. Cir.1992). At a minimum, the findings of the PTO will create a genuine issue of material fact.

Infinity, in an attempt to overcome the findings of the PTO, has submitted what it claims to be a sample loofah covered by the Wilhelm Patent. Infinity argues because the PTO did not have the sample loofah before it, it was not able to conclude whether the Wilhelm Patent rendered the 007 Patent obvious.

The Court is not persuaded by Infinity's argument as it relates to the sample loofah. As pointed out by Sorrell, the sample loofah was purchased from the web site eBay in January of 2020. ECF No. 89-5. Counsel has no personal knowledge of the source, origin, or date of manufacture. Although the sample loofah does contain a 1998 copyright date there is no evidence of the sample loofah's date of manufacture.

Infinity also argues for invalidity based on combinations of nine prior art references which makes Claim 11 of the 007 patent obvious. To establish invalidity, Infinity must do more than merely compare the prior art and the accused product. *Zenith Electronics Corp. v. PDI Communication Systems, Inc*., 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity."). Infinity must show that each element of the challenged claim is present in the prior art systems. *Zenith*, 522 F.3d at 1363.

Infinity has not demonstrated the lack of a genuine dispute of material fact as to whether or not the Patents referenced include all elements of the claim at issue. For example, material factual disputes remain as to whether or not the Patents referenced suggest "a figurative handle coupled to the scrubber" and "a cinch for binding the foraminous material into the pleated ball and

forming a loop extending around at least a portion of said handle to secure the handle to the scrubber."  Genuine issues of material fact remain regarding the invalidity of the 007 Patent, therefore Infinity has not demonstrated by clear and convincing evidence that Claim 11 is invalid.

### B. Non-Infringement

Infinity also argues it is entitled to summary judgment because the Product does not infringe on the 007 Patent.  ECF No. 85, Pgs. 21-25.

A patent is infringed when a person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... during the term of the patent...."  35 U.S.C. § 271(a).  A two-step analysis is employed in making an infringement determination.  *See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995).  The court must first determine the scope and meaning of the patent claims asserted.  The second step is to compare the construed claims to the allegedly infringing device or process.  *See id.*  This second step is a question of fact. *See Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1353 (Fed.Cir.1998).

When an accused infringer moves for summary judgment of non-infringement, such relief may be granted only if at least one limitation of the claim in question does not read on an element of the accused product, either literally or under the doctrine of equivalents.  *See Chimie v. PPG Indus*., 402 F.3d 1371, 1376 (Fed.Cir.2005).  Thus, summary judgment of non-infringement can only be granted if, after viewing the facts in the light most favorable to the non-movant, there is no genuine issue as to whether the accused product is covered by the claims (as construed by the court). *See Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1304 (Fed.Cir.1999).

As stated previously, Sorrell alleges the Product infringed on the 007 Patent's eleventh claim.  Claim 11 covers a washing device comprising: a scrubber made of a foraminous material and gathered to form a pleated ball; a figurative handle coupled to the scrubber; and a cinch for binding the foraminous material into the pleated ball and forming a loop extending around at least

a portion of said handle to secure the handle to the scrubber.  ECF No. 1-1, Pg. 15.  Infinity argues the Product does not infringe because (1) it lacks a figure, resemblance, or likeness which is designed especially to be grasped by the hand and (2) does not contain a cinch.

### 1. Figurative Handle

In the Claim Construction Order, the Court construed the term "figurative handle" to mean "a figure, resemblance, or likeness which is designed especially to be grasped by the hand."  ECF No. 57, Pg. 9.  It is the position of Infinity that the Product lacks this figurative handle.  Infinity states the Product does contain a plush, soft toy mascot, similar to a stuffed animal, however this is not meant to be grasped by the hand.  Infinity argues the Product's toy mascot "serves purely aesthetic and marketing purposes that are outside the scope of Claim 11."  ECF No. 85, Pg. 22-24.

In support of the Motion, Infinity shipped to the Court an example of the Product.  The Court has examined this example and is unable to rule out a finding that the "toy mascot" attached to the Product is not suitable for use as a handle.  Furthermore, is his declaration, Mr. Roger Sorrell stated he has examined the Product and stated the toy mascot is "suitable for grasping by a child" and has sufficient stiffness to serve as a handle.  ECF No. 90, Pgs. 4-5.

### 2. Cinch

Infinity also argues the Product does not infringe because it does not contain a "cinch," i.e. "a string, elastic band, or metal band which does not directly contact the user when bathing."  ECF No. 85, Pgs. 24-25.  It is Infinity's position that the "cinch" Sorrell claims the Product has is a part of the drawstring wrapped around the Product.  Further, the drawstring will have contact with the user when bathing, especially the portion of the string that protrudes so that the user can hang the Product up or wrap the string around their wrist.  *Id.*

It is the position of Sorrell that the Product makes use of a cinch and rope handle which are formed from a single piece of cord.  However, Sorrell states that the fact that they are made from a single piece of cord does not mean the rope handle is part of the cinch.  ECF No. 89, Pgs.  25-28.  Further support of Sorrell's position is found in the Declaration of Roger Sorrell.  Mr Sorrell states the cinch and rope handle in the Product are identical to those found in the 007 Patent.  ECF No. 90, Pgs. 6-8.

Based on a careful and thorough review of the record and the arguments presented, the court finds that genuine issues of material fact exist as to whether the Product infringes on the 007 Patent.  The court therefore denies Defendant's Motion for Summary Judgment on non-infringement.

**4. Conclusion:**

Based on the forgoing, Defendant's Second Motion for Summary Judgment (ECF. No. 84) is **DENIED.**

**DATED this 18th day of September 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE