IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                                                                    PLAINTIFF

vs.                                             Civil No. 4:16-cv-04019

INFINITY HEADWEAR &
APPAREL, LLC                                                                                             DEFENDANT

## ORDER

On November 1, 2021, the Court held the Initial Pretrial Conference and hearing on the parties Motions in Limine which included ECF Nos. 120, 122, 125, and 127. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 33. The Court having reviewed the four Motions in Limine filed by the parties, finds as follows:

**1. Defendant's General Motion in Limine.  ECF No. 120**

With this Motion, Defendant seeks to exclude from evidence four (4) general areas of evidence or argument.

The Court **GRANTS** this Motion and excludes (1) the discussion of settlement negotiations that have occurred in this matter, (2) argumentative *voir dire*, (3) speaking objections and arguments by counsel in the presence of the jury, and (4) the mentioning of any documents that have not been previously produced in discovery.

**2. Defendant's Motion in Limine Related to Sales and Licensing Documents.  ECF No. 122**

With this Motion, Defendant seeks to exclude various documents they anticipate being offered by Plaintiff which involve Plaintiff's purported license of the patent-in-suit to a Montana company called Kelly Kinetics and Kelly Kinetics' sales under such license agreement.

This Motion is **DENIED**.

3. <u>**Plaintiff's Renewed Motion in Limine regarding Invalidity.  ECF No. 125**</u>

With this Motion, Plaintiff seeks to exclude any evidence or argument that the 007 Patent is anticipated or obvious based on (a) the use of U.S. Patent No. D438,673 to Wilhelm ("Wilhelm") or U.S. Patent No. 5,727,277 to Chien ("Chien"), or (b) the combination of several prior art references.

Based on this Court's prior Order staying the matter pending reexamination of the 007 Patent (ECF No. 68), the Court **GRANTS** the Motion as it relates to Plaintiff's request to exclude evidence or argument that the 007 Patent is anticipated or obvious based on the use of the patent to Wilhelm or Chien.  However, the Court will **DENY** the Motion as it relates to Plaintiff's request that Defendant be precluded from asserting obviousness based on combinations of prior art.

4. <u>**Plaintiff's Motion in Limine regarding the Sample Loofah.  ECF No. 127**</u>

With this Motion, Plaintiff seeks to exclude from evidence any attempt by Defendant to argue or admit a physical example of the product that is covered by the Wilhelm Patent.

The Court **GRANTS** this Motion.

5. <u>**Conclusion**</u>

In making these rulings, the Court makes no finding related to the admissibility of the evidence addressed by the Motions.  The Court instructs counsel, and all witnesses not to mention, refer to, or attempt to convey to the jury in any manner, any of the matters for which a motion in limine was **GRANTED** above without first obtaining the Court's permission outside the presence of the jury.  Further, for any matter raised by a motion in limine above which has been **DENIED** by this Order, the parties retain the right to renew the same objections at the appropriate time during trial.

**DATED this 8th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE