IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                                                    PLAINTIFF

vs.                                        Civil No. 4:16-cv-04019

INFINITY HEADWEAR &
APPAREL, LLC                                                                             DEFENDANT

**ORDER**

On November 15, 2021, the Court *sua sponte* continued the trial setting of this matter.[1] Before the Court is Defendant's Motion to Dismiss. ECF No. 144. Plaintiff did not file a response; however, the Parties argued the Motion to Dismiss at the final pre-trial conference on November 15, 2021.[2] ECF No. 146.

**1. BACKGROUND**

This case was filed on February 29, 2016. ECF No. 1. This matter was set for jury trial for November 15, 2021. ECF No. 117. On November 12, 2021, Plaintiff filed its Motion to allow Entry of Assignment and Maintenance Fee Statements into Evidence. ECF No. 142. The documents at issue had not been previously disclosed to Defendant during initial disclosures or discovery. Defendant responded and objected to the newly disclosed documents being allowed as evidence in the case. ECF No. 143. On November 8, 2021, the Court had ruled that any document not disclosed during discovery would not be allowed as evidence at the trial. ECF No. 138. On November 14, 2021, one day before jury selection was set to commence and in accordance with its prior Orders, the Court entered its Order denying the Motion to allow Entry of Assignment and

---

[1] The Court will enter a separate Order resetting the trial date in this matter.
[2] The Court orally denied the Motion to Dismiss at the hearing on November 15, 2021. This Order is intended to put the Court's reasons, as stated on the record, in writing for the benefit of the Parties.

1

Maintenance Fee Statements into Evidence. ECF No. 145. That same day, November 14, 2021, Defendant filed the instant Motion to Dismiss. ECF No. 144.

## 2. **DISCUSSION**

Defendant argues in its Motion to Dismiss that (1) Plaintiff failed to timely disclose evidence it now seeks to introduce at trial, (2) the Court ruled such evidence will not be allowed to be introduced and (3) as a result the Plaintiff will not be able to meet it burden of proof showing it has standing to pursue the claims in the Complaint. This case involves a claim of patent infringement. Specifically, Defendant argues:

> [O]nly the "patentee" can bring an action for patent infringement. 35 U.S.C. § 281; *Keranos, LLC v. Silicon Storage Technology, Inc.*, 797 F.3d 1025, 1030 (Fed. Cir. 2015). The "patentee" is the "patentee to whom the patent was issued [and] also the successors in title to the patentee." 35 U.S.C. § 100(d). These statutes govern standing to sue in patent cases. *Keranos*, 797 F.3d at 1030-31. Standing is a jurisdictional issue, which means it can't be waived, and it can be raised at any time by the court or any party—even for the first time on appeal. *Pandrol USA, LP v. Airboss Railway Products, Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003).

At the hearing on November 15, 2021, Plaintiff acknowledged that it would be unable to meet its burden of showing it was the legal assignee of the patent at issue in this case without the documents the Court had ruled were excluded because of Plaintiff's failure to disclose in a timely manner.

There is no dispute the Plaintiff failed to disclose the written assignment of the patent, either in its initial disclosures or in its responses to discovery propounded by the Defendant. Further, there is no dispute the Plaintiff cannot establish its right to pursue the claimed patent infringement without the written assignment. If a party fails to timely disclose information contemplated by Rules 26(a) and (e), the Court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Court may exclude the information or testimony unless the

party's failure to comply is substantially justified or harmless. *See Id.* at 692; FED. R. CIV. P. 37(c)(1). Plaintiff candidly admits there is no justification for the failure to disclose here. Further, there is no reasonable claim such failure to disclose until 3 days prior to the trial date can be considered harmless to Defendant's trial preparation in this case. The Court finds that allowing introduction of the proffered written exhibits, disclosed 3 days prior to trial, would be harmful to Defendant. The question remains, what sanction is appropriate for this failure to disclose.

The Court's discretion in fashioning an appropriate sanction is not absolute and narrows as the severity of the sanction it elects increases. *See Wegener*, 527 F.3d at 692. For example, where a sanction is "tantamount to a dismissal" the Court should consider some lesser sanction. *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003). When fashioning the appropriate remedy or sanction, the Court should consider: (1) the reason for noncompliance, (2) the surprise and prejudice to the opposing party, (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (4) the importance of the information or testimony. *See Wegener*, 527 F.3d at 692.

While Plaintiff argues there is no real surprise in this late disclosure, as noted above Plaintiff's counsel candidly admitted to the Court that he had failed to disclose the material and had no excuse for the failure to disclose. Despite the importance of the documents at issue, it is also apparent the nondisclosure was inadvertent.

With respect to the second and third *Wegener* factors, the Court finds that the surprise and prejudice the Defendants might suffer due to the late disclosure of the patent assignment documents can be cured by reopening discovery for a short window of time. A sixty-day extension will be sufficient for Defendant to test the proof and allow it to fully prepare for trial.

As for the final *Wegener* factor, it is clear the patent assignment document is critical to the Plaintiff's claims. While there does not appear to be any bad faith on the part of Plaintiff's counsel, to dismiss Plaintiff's claims for what is essentially an oversight by its counsel would be an extreme sanction.

Plaintiff asks the Court to consider a lesser sanction than simply excluding the evidence, proceeding with the trial and dismissing the claims when Plaintiff cannot meet its burden of proving standing to sue. Plaintiff orally moved for a lesser sanction but does not suggest what lesser sanction would appropriate in this instance.

As stated above, exclusion of the documents at issue would be tantamount to a dismissal of the claims here. While Court is troubled by what appears to be a blatant violation of the rules governing disclosure and discovery in this case, Plaintiff's counsel did not act in bad faith and in fact were very candid with the Court regarding their failure to follow the rules. Based on all the facts before it, the Court believes a sanction less than exclusion and ultimate dismissal is appropriate. The Court will therefore continue the trial date for a short period of time, set a new deadline for limited discovery and a new deadline for filing dispositive motions. Further, the Court will invite Defendant to file its motion seeking costs and fees associated with Plaintiff's failure to disclose the documents at issue in accordance with the Rules of this Court and the Federal Rules of Civil Procedure.

### 3. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 144) is **DENIED**. The Court also enters the following deadlines for discovery and dispositive motions:

1. The Parties shall supplement all discovery responses and disclosures no later than December 1, 2021.

2. The discovery period is this matter is re-opened until January 31, 2022, for the limited scope and purpose of allowing Defendant to depose Roger Sorrell.

3. The Parties may file any new dispositive motions on or before January 31, 2022. In these motions, the Parties should not address any matter previously ruled on by this Court.

4. Because Plaintiff failed to comply with discovery and disclosure obligations under the rules of this Court and the Federal Rules of Civil Procedure, the trial date for this matter was continued. As a result of Plaintiff's failure, Defendant may seek, by separate Motion, fees and costs associated with this continuance, and Plaintiff's failure to comply with its initial discovery and disclosure obligations.

**DATED this 17th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE