IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**SORRELL HOLDINGS, LLC**                                                                 **PLAINTIFF**

vs.                                        Case No. 4:16-CV-04019

**INFINITY HEADWEAR & APPAREL, LLC**                                    **DEFENDANT**

**ORDER**

  Defendant, Infinity Headwear & Apparel, LLC, ("Infinity") filed their Motion for Attorney Fees and Costs. ECF No. 153. Plaintiff, Sorrell Holdings, LLC, ("Sorrell") filed their response. ECF No. 167. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 33. The Court having reviewed the pleadings finds as follows:

  This case was filed on February 29, 2016. ECF No. 1. This matter was set for jury trial for November 15, 2021. ECF No. 117. On November 12, 2021, Plaintiff filed its Motion to allow Entry of Assignment and Maintenance Fee Statements into Evidence. ECF No. 142. The documents at issue had not been previously disclosed to Defendant during initial disclosures or discovery. Defendant responded and objected to the newly disclosed documents being allowed as evidence in the case. ECF No. 143. On November 8, 2021, the Court had ruled that any document not disclosed during discovery would not be allowed as evidence at the trial. ECF No. 138.

  On November 14, 2021, one day before jury selection was set to commence and in accordance with its prior Orders, the Court entered its Order denying the Motion to allow Entry of

1

Assignment and Maintenance Fee Statements into Evidence.  ECF No. 145.  That same day, November 14, 2021, Defendant filed a Motion to Dismiss.  ECF No. 144.  Plaintiff did not file a response; however, the Parties argued the Motion to Dismiss at the final pre-trial conference on November 15, 2021.  The Court orally denied the Motion to Dismiss at the hearing on November 15, 2021.  On November 17, 2021, the Court entered an Order setting forth the Court's reasons in denying the Motion to Dismiss.  ECF No. 147.

In their Motion to Dismiss, Defendant argued that (1) Plaintiff failed to timely disclose evidence it now sought to introduce at trial, (2) the Court ruled such evidence would not be allowed to be introduced and (3) as a result the Plaintiff would not be able to meet it burden of proof showing it has standing to pursue the claims in the Complaint.  At the hearing on November 15, 2021, Plaintiff acknowledged that it would be unable to meet its burden of showing it was the legal assignee of the patent at issue in this case without the documents the Court had ruled were excluded because of Plaintiff's failure to disclose in a timely manner.

If a party fails to timely disclose information contemplated by Rules 26(a) and (e), the Court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).  The Court's discretion in fashioning an appropriate sanction is not absolute and narrows as the severity of the sanction it elects increases. *See Wegener*, 527 F.3d at 692. For example, where a sanction is "tantamount to a dismissal" the Court should consider some lesser sanction. *Heartland Bank v. Heartland Home Fin., Inc.,* 335 F.3d 810, 817 (8th Cir. 2003).

In denying Defendant's Motion to Dismiss, the Court found a sanction less than exclusion and ultimate dismissal was appropriate.  ECF No. 147.  Instead, the Court continued the trial date for a short period of time, set a new deadline for limited discovery and a new deadline for filing

dispositive motions. Further, the Court invited Defendant to file a motion seeking fees and costs associated with Plaintiff's failure to disclose the documents along with preparation for the beginning of trial. It was not the intention of the Court to sanction Plaintiff for any costs or fees for trial preparation that would be necessary for the future trial.

The Court has reviewed Defendant's Motion for Fees and Costs along with the itemization of time and expenses alleged to have been incurred in attending the beginning of trial in Texarkana. As such, the Court has found the following fees should be awarded as a sanction for Plaintiff's failure to disclose the documents at issue.[1]

| Date | Hours | Amount | Description |
|---|---|---|---|
| 11/02/21 | 0.50 | 167.50 | Initial review of jury panel |
| 11/02/21 | 0.25 | 41.25 | Receive and review venire list |
| 11/04/21 | 0.50 | 167.50 | Telephone conference with Doug Keller |
| 11/05/21 | 0.25 | 41.25 | Phone call with court regarding presentation of exhibits on court technology system |
| 11/08/21 | 1.75 | 586.25 | Review and advise Doug Keller regrading case evaluation and trial issues |
| 11/10/21 | 1.00 | 165.00 | Researched jury members and Plaintiff's counsel to aid in trial preparation |
| 11/12/21 | 0.75 | 251.25 | Telephone conference with Mike Jones at court after email communication |
| 11/12/21 | 0.50 | 167.50 | Receive and review Motion for Reconsideration |

---

[1] Based on Defendant's counsel's declaration (ECF No. 153-1) and the Court's own knowledge and experience in the Western District of Arkansas, the Court finds counsel's claimed hourly rates to be reasonable in this case.

3

| Date | Hours | Amount | Description |
|---|---|---|---|
| 11/12/21 | 0.50 | 82.50 | Received and reviewed Plaintiff's last-minute Motion to Correct Court's Motion in Limine Order |
| 11/13/21 | 0.75 | 251.25 | Review and revise opposition to Motion to Reconsider |
| 11/13/21 | 2.00 | 330.00 | Drafted response in opposition to Motion to Admit Evidence |
| 11/14/21 | 4.25 | 1,423.75 | Travel to Texarkana |
| 11/14/21 | 4.50 | 742.50 | Travel to Texarkana |
| 11/15/21 | 5.75 | 1,926.25 | Prepare for and attend day one of trial |
| 11/15/21 | 4.75 | 1,591.25 | Travel from Texarkana to Rogers |
| 11/15/21 | 0.50 | 82.50 | Round trip travel to/from hotel to courthouse and vice versa for trial |
| 11/15/21 | 2.00 | 330.00 | Attended pretrial conferences and hearing |
| 11/15/21 | 4.50 | 742.50 | Travel from Texarkana home to trial |
| 11/17/21 | 0.25 | 83.75 | Receive and review request for trial setting; Communicate with client and counsel regarding the same |
| 11/17/21 | 0.25 | 83.75 | Receive and review court's order; communicate with client group regarding the same |
| 11/29/21 | 0.25 | 83.75 | Receive and review new scheduling order |

The Court also awards costs for lodging of counsel and witnesses in the amount of $626.58, meals in the amount of $130.79, and travel expenses in the amount of $1,272.16.[2]

---

[2] Notably the Court declines to grant Defendant's request for chartered air fare costs in the amount of $19,900.00. The November trial date was set months in advance and Defendant has established no justifiable need for a private charter for its corporate representatives to attend the trial.

4

For the reasons stated above, the Court finds that Defendant's Motion for Fees and Costs (ECF No. 153) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Defendant is awarded $9,341.25 in attorneys' fees and $2,029.53 in costs.

**SIGNED this 24th day of March, 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE