IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                                                    PLAINTIFF

vs.                                               Civil No. 4:16-cv-04019

INFINITY HEADWEAR &
APPAREL, LLC                                                                             DEFENDANT

**<u>ORDER</u>**

Defendant, Infinity Headwear & Apparel, LLC ("Infinity"), filed a third Motion Summary Judgment. ECF No. 150.[1] Plaintiff, Sorrell Holdings, LLC ("Sorrell") has filed its response. ECF No. 165. Defendant also filed a Reply Brief. ECF No. 175. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 33. The Court having reviewed the pleadings finds as follows:

**1.  Discussion**:

Plaintiff Sorrell alleges Infinity's product line, the MascotWear Mascot Bath Loofahs ("Product"), infringes on United States Patent No. 6,887,007 ("007 Patent"). Specifically, Sorrell alleges the Product infringed on the 007 Patent's eleventh claim ("Claim 11"). Claim 11 covers a washing device comprising: a scrubber made of a foraminous material and gathered to form a pleated ball; a figurative handle coupled to the scrubber; and a cinch for binding the foraminous material into the pleated ball and forming a loop extending around at least a portion of said handle to secure the handle to the scrubber. ECF No. 1-1, Pg. 15.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Infinity had previously moved for summary judgment which was denied as premature on April 25, 2018.  ECF No. 47.  On September 18, 2020, the Court denied Infinity's Second Motion for Summary Judgement based upon arguments of invalidity and non-infringement.  ECF No. 100.

This matter had been set for trial to begin on November 15, 2021.  On that date, the Court *sua sponte* continued the trial setting of this matter.  The Court also heard Infinity's Motion to Dismiss which had been filed the day before on November 14, 2021.  The Court denied Infinity's Motion to Dismiss and set new deadlines for discovery and dispositive motions.  ECF No. 147.  The discovery period was re-opened until January 31, 2022, for the limited scope and purpose of allowing Infinity to depose Roger Sorrell on the issue of assignment of the patent.  *Id.*  The parties were also allowed until January 31, 2022, to file any new dispositive motions that did not address any matter previously ruled on by this Court.  *Id.*  The Court specifically stated:

> Then I will also allow, following that discovery period, the filing of a dispositive motion if Defendant believes that to be the case based on what it discovers about the assignment or lack thereof during this limited discovery period.

ECF No. 167-2, Pg. 30.

In the pending Motion for Summary Judgment, the issue of assignment of the patent is not discussed.  The basis of the motion is non-infringement and invalidity; both of which have been previously addressed and rejected by the Court in the context of summary judgment.  *See* ECF Nos. 100 and 147.  The Court will not readdress those issues here.

### 2. Conclusion:

Based on the forgoing, Defendant's third Motion for Summary Judgment (ECF. No. 150) is **DENIED.**

**DATED this 5th day of April 2022.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE