IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SORRELL HOLDINGS, LLC                                                                                          PLAINTIFF

vs.                                             Civil No. 4:16-cv-04019

INFINITY HEADWEAR &
APPAREL, LLC                                                                                                   DEFENDANT

## ORDER

On April 25, 2022, the Court held the Initial Pretrial Conference and hearing on the parties Motions in Limine which included ECF Nos. 154, 155, 179, and 180.  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 33.  The Court having reviewed the four Motions in Limine filed by the parties, finds as follows:

**1.  Defendant's Motion in Limine  ECF No. 154**

With this Motion, Defendant seeks to exclude from evidence any reference to Plaintiff's purchase of Infinity's Mascot Bath Loofahs since this case has begun.  According to Plaintiff, (ECF No. 169) they do not intend to introduce evidence at trial regarding Plaintiff's purchase of the accused products.  Defendant's Motion in Limine (ECF No. 154) is **GRANTED**.

**2.  Defendant's Motion in Limine ECF No. 155**

With this Motion, Defendant seeks to exclude from evidence certain invoice and sales documents related to Kelly Kinetics, Inc.  Defendant argues the documents are inadmissible hearsay as they are out of court statements made by Kelly Kinetics and do not fall within an exclusion or exception to the rule against hearsay.

The documents are: (a) a "Kelly Kinetics Sales by Item Detail" spreadsheet for "January through December 2005," (b) a January 31, 2006 email from Kelly Kinetics to Mr. Sorrell, that says it contains a sales report for October 1, 2005, through December 31, 2005, and (c) a November 7, 2005 Kelly Kinetics Invoice to Fred Meyer. ECF No. 156.

The Court finds these documents are clearly hearsay and at this time, do not fall within an exception to the rule. Defendant's Motion in Limine (ECF No. 155) is **GRANTED.**

### 3.  Plaintiff's Motion in Limine  ECF No. 179

With this Motion, Plaintiff seeks to exclude any evidence of Roger Sorrell's prior criminal history or alleged acts. Defendant has no objection to this Motion. Plaintiff's Motion in Limine (ECF No. 179) is **GRANTED.**

### 4.  Plaintiff's Motion in Limine  ECF No. 180

With this Motion, Plaintiff seeks to (A) exclude from evidence any expert testimony of Doug Keller and Dereck Travis, (B) exclude evidence that the claimed invention was not disclosed in the written description of the Patent, and (C) exclude any evidence not disclosed. Plaintiff's Motion in Limine (ECF No. 180) is **GRANTED** in part and **DENIED** in part as follows.

With regards to Plaintiff seeking to exclude any expert testimony of Doug Keller and Dereck Travis; neither Mr. Keller nor Mr. Travis have been designated as expert witnesses, therefore the Motion is **GRANTED** to the extent either witness would provide expert testimony.

Plaintiff's second point is seeking to exclude evidence that the claimed invention was not disclosed in the written description of the Patent. Rule 3-3 of the Patent Rules, adopted by the Court, states the Invalidity Contentions must contain "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. §1112(2) or enablement or written description under 35 U.S. §112(1) of any of the asserted claims."

The Invalidity Contentions served by Infinity did not raise the issue of invalidity for failure to comply with the written description requirement. Therefore, the Court will **GRANT** this Motion as it relates to any evidence on the issue of invalidity for failure to comply with the written description requirement.

Finally, Plaintiff seeks to exclude testimony from Mr. Keller and Mr. Travis to the extent such facts were not disclosed in response to Plaintiff's written discovery. However, Plaintiff never sought to depose either witness, doesn't specify any evidence in support, and never filed a Motion to Compel on this issue.

The Court will **DENY** the Motion as it relates to seeking to exclude testimony of Mr. Keller and Mr. Travis.

## 5. Conclusion

In making these rulings, the Court is not making any findings as it relates to the admissibility of evidence of the matters addressed by these Motions. The Court instructs counsel, and all witnesses not to mention, refer to, or attempt to convey to the jury in any manner, any of the **GRANTED** topics listed above without first obtaining the Court's permission outside the presence of the jury. Further, any matter **DENIED** by this Order is without prejudice to the parties right to renew the same objections at the appropriate time during trial.

**DATED this 26th day of April 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE